(122 So. 837)

AMERICAN DISTRICT TELEGRAPH CO. OF ALABAMA v. ROBERTS & SON, Inc. (6 Div. 160.)

Supreme Court of Alabama. Jan. 24, 1929.

Rehearing Denied May 30, 1929. Further Rehearing Denied June 20, 1929.

Francis R. Stark, of New York City, and Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellant.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

ANDERSON, C. J. This case was tried by the court without a jury, and there was a judgment for the plaintiff. The defendant appeals, and the assignments of error are predicated on two propositions only, first, that there was error in rendering a judgment for the plaintiff in any amount, and, second, if the plaintiff was entitled to recover at all, the amount was limited by the contract to $50.

The main question and the one first presented in argument calls for an interpretation of the following clause in the contract, to wit:

"It is agreed by and between the parties hereto that the Contractor is not an insurer, and that the rates hereinbefore named are based solely on the value of the service in the operation of the system described, and in case of failure to perform such service and a resulting loss its liability hereunder shall be limited to and fixed at the sum of $50.00 as liquidated damages, and not as a penalty, and this liability shall be exclusive."

■ As we view this clause, it is but a limitation of the amount recoverable in case of a breach of the contract. It is unlike those contracts or clauses construed by the courts as being invalid because providing a penalty though designated as liquidated damages.

The contract does not penalize the defendant for a failure to perform, and it only restricts the plaintiff as to its recovery in case of a breach by the defendant, and does not attempt to penalize or fix the damages against the plaintiff in case of a breach by it. It deals only with a breach by the defendant, and in no sense penalizes it for a breach; so we are at a loss to understand the necessity for the earnest and elaborate argument by both sides on the question of when such clauses should be construed as a penalty or liquidated damages. Conceding, however, that, by limiting the amount of recoverable damages, it operates as a burden or hardship on the plaintiff, still we are not at liberty, by analogous authorities, to make a new contract for the parties or to strike therefrom a clause well understood and evidently within the intention of the parties.

As brought out by Mr. Sutherland in his work on Damages, and by Mr. Williston in his work on Contracts, much confusion has heretofore arisen, and there is little harmony in the cases dealing with the question as to when certain clauses of contracts, fixing the amount of recovery for a breach, should be construed as liquidated damages or stricken because they provided a penalty, but the more recent cases show a tendency to uphold clauses of this character with the same degree of solemnity and importance as other parts of the contract.

As said by the United States Supreme Court in the case of Sun Printing & Publishing Ass'n v. Wm. L. Moore, 183 U. S. 642, 22 S. Ct. 240, 46 L. Ed. 366, after rejecting the contention that, when actual damages can be assessed from the testimony, the court must disregard any stipulation fixing the amount and require proof of the damage sustained, "The decisions of this court on the doctrine of liquidated damages and penalties lend no support to the contention that parties may not bona fide, in a case where the damages are of an uncertain nature, estimate and agree upon the measure of damages which may be sustained from the breach of an agreement. On the contrary, this court has consistently maintained the principle that the intention of the parties is to be arrived at by a proper construction of the agreement made between them, and that whether a particular stipulation to pay a sum of money is to be treated as a penalty, or as an agreed ascertainment of damages, is to be determined by the contract, fairly construed, it being the duty of the court always, where the damages are uncertain and have been liquidated by an agreement, to enforce the contract."

Mr. Sutherland in his work on Damages, § 283, vol. 1, p. 842, after discussing the decisions on the subject, lays down the following rules or test: "First, that if by the terms of the contract, a greater sum is to be paid upon default in the payment of a lesser sum at a given time, the provision for the payment of the greater sum will be held a penalty; second, where, by the terms of a contract, the damages are not difficult of ascertainment according to such terms and the stipulated damages are unconscionable, the latter will be regarded as a penalty; third, within these two rules parties may agree upon any sum as compensation for the breach of a contract."

When the contract in question was entered into, the nature and amount of damages that might arise as the result of a breach were conjectural and uncertain, and the parties had the right to fix the same by the contract, and, having intended to do so, the court is not authorized to nullify this provision by declaring it a penalty, although the actual damage sustained may be in excess of the sum fixed by the contract. Stratton v. Fike,

166 Ala. 203, 51 So. 874; Keeble v. Keeble, 85 Ala. 552, 5 So. 149. We therefore hold that the clause in question was binding on the parties as fixing the amount of recoverable damages for a breach of the contract.

Another question, however, arises as to those counts of the complaint in tort for the negligent breach of duty growing out of the contract and whether or not the clause can apply as to the limitation of a liability for the negligence of the defendant. This court is committed to the doctrine that, where parties enter into a relation carrying a legal duty, while one may limit the scope of his duties, he cannot stipulate for protection against negligence in the performance of the duties he does assume. Thompson v. Mobile Light & R. Co., 211 Ala. 525, 101 So. 177, 34 A. L. R. 921. Contracts against liability will not be construed to cover negligence in the delivery of a telegram. Am. Union Tel. Co. v. Daughtery, 89 Ala. 191, 7 So. 660; W. U. Tel. Co. v. Chamblee, 122 Ala. 428, 25 So. 232, 82 Am. St. Rep. 89; W. U. Tel. Co. v. Anniston Cordage Co., 6 Ala. App. 351, 59 So. 757. True, these cases involved the duties of public service utilities, but the defendant here was serving the public in the installation of a signal service system as a protection against loss by fire, and the installation of the system by the property owner lowered the rate of the insurance, and we see no good reason why the cases, supra, should not apply to the defendant. It was at least a quasi public service utility.

We do not understand the case of W. U. Tel. Co. v. Westmoreland, 151 Ala. 319, 44 So. 382, as holding to the contrary. In the first place, without questioning the soundness of same, there is much said in the opinion in this case that was unnecessary to a decision of the questions involved. That case involved the right of the plaintiff, under the circumstances, to recover for mental anguish and also her right to recover punitive damages. There are expressions to the effect that, whether an action be upon contract or tort arising out of the breach of duty, no punitive damages being involved, the amount of recovery is the same, meaning, of course, that the actual damages for a breach of the contract or a negligent breach of the duty is the same, but there is nothing in the case to indicate that a contractual limitation of the former would also operate as a restriction on the latter.

The case of Wells Fargo & Co. v. Taylor, 254 U. S. 175, 41 S. Ct. 93, 65 L. Ed. 205, in upholding a contract against negligence, is out of line with the decisions of this court, and is not binding upon us when no federal question is involved, and, while entertaining the most profound respect for our highest court, we cannot be influenced by this decision in the instant case.

There was evidence from which the trial court, sitting as a jury, could reasonably infer that the signal apparatus failed to function as a result of a negligent maintenance of same, either in permitting the clot of oil to get upon same, or in failing to discover and remove same, and that the failure of the signal to function was the proximate cause of the damages sustained by the plaintiff. It is true, the contract made no express provision as to what the defendant was to do after receiving a signal at its central office, but it does provide for the installation of transmission boxes and the wire connection "necessary to transmit signals to the Contractor's Central Station," and there must have been an implied duty upon the defendant to take some action, after receiving the signal, to prevent damage to the plaintiff. Otherwise the transmission of the signal to the central station would be a piece of folly, and, in fact, the installation of the signal system could have served no useful purpose. It is evident that, had the signal been given, the defendant, as on occasions when the signal was received would have taken steps leading to an extinguishment of the fire and cutting off the water when the fire was extinguished.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.

On Rehearing.

ANDERSON, C. J. ■ Upon the original consideration of this case, we assumed and stated that the defendant was, at least, a quasi public service corporation. This was evidently founded upon its name and the character of the business in which it was engaged, but, upon a reconsideration, we find that this assumption and statement was unfounded and is not supported by the facts, and, from aught appearing the contract in question was but a private one.

The defendant is not subject to the control of the Public Service Commission, and has the right to contract with whom it pleases, and is not legally bound to serve the public. Browne v. National District Tel. Co., P. U. R. 1921A, 113; Re American District Tel. Co., P. U. R. 1921E, 519; Wolff Packing Co. v. Court of Industrial Relations, 262 U. S. 522, 43 S. Ct. 630, 67 L. Ed. 1103, 27 A. L. R. 1280.

This being the case, the contract in question falls within the influence of our case of McKinney v. Mobile & O. R. Co., 215 Ala. 101, 109 So. 752, 48 A. L. R. 998, and the limitation therein is not void because contrary to public policy, and a breach of same, whether negligently done or not, involves no breach or violation of a public duty, and this is so whether the complaint be on contract or in tort.

The trial court erred in rendering judgment for the plaintiff for any sum in excess of $50, with interest thereon since the injury. The foregoing opinion is modified, and the judgment is corrected and affirmed for $50 and interest, and the application for rehearing is overruled. Appellee is taxed with the cost of this appeal.

SAYRE, THOMAS, and BROWN, JJ., concur.