194 So. 173

### LIFE & CASUALTY INS. CO. OF TENNESSEE v. PORTERFIELD.

#### 6 Div. 521.

Supreme Court of Alabama.

Jan. 11, 1940.

Rehearing Denied March 7, 1940.

Sydney F. Keeble, of Nashville, Tenn., and Chas. H. Peay and Smyer, Smyer & Bainbridge, all of Birmingham, for appellant.

Hugh A. Locke and Frank M. James, both of Birmingham, for appellee.

the lessor may determine, for heating said premises, and will furnish janitor service for the public halls and corridors, but the lessor shall in no event be liable for damages for stoppage of elevators or steam heat or light or water or janitor service, or for the machinery or appliances pertaining to the building breaking or getting out of order, or being out of repair. The lessor shall, in no event be liable for any damage for failure to furnish heat, light, water, elevator or janitor service, or for injury to any person or property caused by any defect in the steam, electricity, water or elevator apparatus. The lessor shall in no event be liable for any damage which may occur on account of any defect in said building or premises or from rain, wind or other cause."

(9). "It is agreed that all personal property placed in the leased premises, or whether such property be contained in the store rooms or in any other portion of said building or any place appurtenant thereto, shall be at the risk of the lessee, or owner, and the lessor shall in no event be liable for the loss or damage to such property or for any act or negligence of any co-tenants or servants of tenants, or occupants or other person whomsoever in or about the building."

ANDERSON, Chief Justice.

This case was tried on counts "A and D" alone, which will appear in the report of the case. There were demurrers to each of said counts which were overruled by the trial court, and this ruling is seriously questioned by brief of appellant's counsel. From the view we take, and which will hereinafter appear, it is not necessary to pass on the ruling of the trial court to the demurrers to the complaint and will concede, without deciding, the correctness of the trial court in this respect.

This is an action by a tenant against her landlord for a destruction of her personal property by a fire which destroyed the rented premises, or a certain apartment house, in which she had rented quarters. The rental contract, under which she entered and under which she was occupying the rented quarters at the time of the fire, contained the following exculpatory clauses:

(7). "The lessor agrees, without further charges to the lessee, to furnish during the proper season and during reasonable hours a reasonable amount of steam heat, as

This defendant was not such a public service utility or did the service involved render the exemption or limitations set out in the above quoted provisions contrary to public policy. American District Telegraph Co. v. Roberts & Son, 219 Ala. 595, 122 So. 837; McKinney v. Mobile & O. R. Co., 215 Ala. 101, 109 So. 752, 48 A.L.R. 998; Adler & Co. v. Western Railway of Alabama, 192 Ala. 507, 68 So. 361; Bullock-McCall-McDonnell Electric Co. v. Coleman, 136 Ala. 610, 33 So. 884; King v. Smith, 47 Ga.App. 360, 170 S.E. 546.

Indeed, counsel for appellee do not seriously controvert the foregoing proposition of law, the main contention being that the exculpatory provisions of the rental contract should be so construed as not to include the acts or wrongs set out in the complaint.

Count D is predicated upon a defect in the heating system as the proximate cause of the fire. Clause 7 of the rental contract expressly exempts the lessor from any liability "caused by any defect in the steam, electricity, water or elevator apparatus."

'Count A proceeds upon the theory that the proximate cause of the fire was due to the negligent operation of the steam heating system by the defendant's servants or employees. Counsel contend that exemption clauses should be so construed as to exclude the negligence of the defendants, its servants or agents because not specially mentioned except generally and that as others are specifically mentioned it should be confined to them under the rule of "generalibus specialia derogant." It is sufficient to say there is no ambiguity or contradiction in Clause 9 of the rental contract, which, while exempting the defendant from the conduct of specified ones, also provides as against "other persons whomsoever in and about the building," meaning, of course, those specifically mentioned as well as all other persons in or about the building and which would include the employees or servants of the defendant. We therefore think that the other Latin maxim, which follows, should apply to this contract. "Generalis clausula non porrigitur ad ea quae antea specialiter sunt comprehensa." A general clause does not extend to those things which are previously provided for specially. 8 Coke, 154b. Therefore where a deed at the first contains special words, and afterwards concludes in general words, both words, as well general as special shall stand." Black's Law Dictionary, Second Edition, Page 538.

A clause identical or quite similar to clause 9 of the rental contract was considered by the Georgia Court, King v. Smith, 47 Ga.App. 360, 170 S.E. 546, and it was there held, and we think properly so, that the exclusion of "any person whomsoever" included the landlord and his agent or servants in or about the building. See, also, our case of McKinney v. Mobile & Ohio R. Co., 215 Ala. 101, 109 So. 752, 48 A.L.R. 998.

Moreover, to construe the general provision as not including the agents or servants of the defendant and apply it to only the class specially set out would, in effect, render the clause of little or no value by confining it to a class to whom the doctrine respondeat superior does not apply.

The cases upon which the appellee relies did not deal with clauses like the one in question and we are in full accord with the holding that the contract in question should be strictly construed in favor of the appellee, but that does not justify a rejection of plain words of the contract. Kansas City Life Ins. Co. v. Root, 238 Ala. 412, 191 So. 219.

The defendant was due the general charge which the trial court erred in refusing and the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.