112 So.2d 461

**WHEELER, LACEY & BROWN, INC., et al.**

v.

**Mary C. BAKER.**

**6 Div. 291.**

Supreme Court of Alabama.

May 28, 1959.

Higgins, Windham, Perdue & Johnson, Birmingham, for appellee.

GOODWYN, Justice.

This is an appeal by the defendants from a judgment of the circuit court of Jefferson County rendered on a jury verdict in favor of the plaintiff in a personal injury action. The defendants' motion for a new trial was overruled.

The complaint consists of one count which alleges, in substance, the following: That the defendants Miree were the owners and defendant Wheeler, Lacey & Brown, Inc., a corporation, "was the agent

with charge and control of a certain apartment building known as The Sycamore Manor" located in Birmingham "where the defendants conducted or operated an apartment house, and rented and leased apartments to individuals for a valuable consideration" and in connection therewith maintained a walkway between the public sidewalk and said apartment building for the use of tenants occupying said apartment building; that "said walkway was so negligently constructed or maintained by the defendants as to cause said walkway to have and contain uneven places"; that on the day of plaintiff's injury said walkway was not in a reasonably safe condition for use of the tenants; that, when injured, plaintiff "was a tenant of said defendants and was occupying an apartment in said apartment building"; that "while walking upon said walkway from the public sidewalk to her said apartment, plaintiff tripped or was otherwise caused to fall * * * and as a proximate consequence thereof she was injured and damaged" (injuries catalogued); that "all of her said injuries and damages were caused as a proximate result of the combined and concurring negligence of the defendants in negligently causing or negligently allowing said walkway at the point where plaintiff tripped and fell to be and remain in an unsafe condition for the use of the tenants occupying said apartment building on said date and occasion."

Defendants' separate demurrers to the complaint were overruled. They then entered a plea in short by consent. The defenses relied on under said plea were the general issue, contributory negligence, and plaintiff's release of any cause of action for the injuries complained of by reason of the following provision contained in her apartment lease, viz.:

"10. * * * The Lessor (including Lessor's Agents or employees) shall in no event be liable to any person for any damages of any nature which may occur at any time on account of any defect in said building, premises, improvements thereon, or appurtenances thereto, whether such exists at the date of this lease or arises subsequently thereto, or whether such defect was known or unknown at the time of such injury or damage, or for damages from wind, rain or other cause whatsoever, all claims for such injury or damage being hereby expressly waived by Lessee."

We have concluded that the foregoing provision exonerates defendants from liability to the plaintiff. Accordingly, we confine our discussion to that one issue.

■ There appears to be no dispute between the parties as to the validity of the exculpatory provision of the lease quoted above. Indeed, this court has held that a provision of this kind is not contrary to public policy. Life & Casualty Ins. Co. of Tennessee v. Porterfield, 239 Ala. 148, 150, 194 So. 173, and cases there cited. Such is the general rule. 32 Am.Jur., Landlord and Tenant, § 739, p. 615; 51 C.J.S. Landlord and Tenant § 226, p. 835.

■ The question presented, then, is whether the exculpatory provision is applicable to the circumstances of this particular case so as to exonerate defendants from liability. Both parties rely on the holding in Armi v. Huckabee, 266 Ala. 91, 94 So.2d 380, to support their respective positions. The exculpatory provisions considered in that case are identical with those in the instant case. In the Armi case it was held that such provisions did not release the owners of the apartment building from liability for personal injuries to a tenant caused by the *negligent conduct* of the defendants, their agents or employees. In that case there was active negligence, while in the case before us liability is based on a *defect* which involves no affirmative negligence on the part of defendants, their agents or employees. It seems to us that to hold that the exculpatory provision, quoted above, is not an effectual release of defendants in this case would be to completely read it out of the lease. Cf. Life & Casualty Ins. Co. of Tennessee v. Porterfield, 239 Ala. 148, 150–151, 194 So. 173,

supra; Cairnes v. Hillman Drug Co., 214 Ala. 545, 548, 108 So. 362; Spangler v. Hobson, 212 Ala. 105, 106, 101 So. 828. What was said in the Porterfield case is equally applicable here, viz.:

"* * * [W]e are in full accord with the holding that the contract in question should be strictly construed in favor of the appellee, but that does not justify a rejection of plain words of the contract." [239 Ala. 148, 194 So. 175.]

The defendants were due the general charge as requested by them. Accordingly, the judgment is due to be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, STAKELY, COLEMAN, JJ., concur.