128 So.2d 721

Mary C. BAKER

v.

WHEELER, LACEY & BROWN, INC. et al.

6 Div. 566.

Supreme Court of Alabama.

April 6, 1961.

Mead & Norman and S. Palmer Keith, Jr., Birmingham, for appellees.

Higgins, Windham, Perdue & Johnson, Birmingham, for appellant.

STAKELY, Justice.

This is an appeal taken by Mrs. Mary C. Baker (the plaintiff below) from a judgment of nonsuit induced by adverse rulings on the pleadings. This case has been before this court on a prior occasion and is reported as Wheeler, Lacey & Brown, Inc. et al., v. Baker, 269 Ala. 293, 112 So. 2d 461.

The original complaint charged negligence on the part of Wheeler, Lacey & Brown, a corporation, R. R. Miree and Aubrey S. Miree (the defendants), in the following language:

"And plaintiff avers that said walkway was so negligently constructed or maintained by the defendants as to cause said walkway to have and contain uneven places; and plaintiff avers that on said date and occasion said walkway was not in a reasonably safe condition for the use of tenants, as aforesaid."

Demurrer to the complaint being overruled, subsequent pleading was in short by consent. Trial resulted in a verdict by the jury in favor of the plaintiff and against the defendants for the sum of $2,500 and judgment for that amount was rendered in accordance with the verdict. Thereafter there was an appeal to this court and this court reversed the judgment of the trial court and remanded the case to the court below. Wheeler, Lacey & Brown v. Baker, supra.

Thereafter the plaintiff amended her complaint by adding thereto Count A. The defendants objected to the allowance of such amendment, which was overruled by the court.

The defendants then filed their demurrers to the complaint as amended. These demurrers were overruled by the court. Thereupon the plea in short by consent filed by the defendants in the first trial was withdrawn and the defendants separately and severally filed a plea of the general issue and special pleas designated A, B, C, D and E separately and severally to the complaint and each count thereof. Plea A set out certain so-called exculpatory provisions of the written lease under which the plaintiff was occupying an apartment in the apartment house in question. These provisions are as follows:

"The Lessor (including Lessor's Agents or employees) shall in no event be liable to any person for any damages of any nature which may occur at any time on account of any defect in said building, premises, improvements thereon, or appurtenances thereto, whether such exists at the date of this lease or arises subsequently thereto, or whether such defect was known or unknown at the time of such injury or damage, or for damages from wind, rain or other cause whatsoever, all claims for such injury or damage being hereby expressly waived by Lessee."

These are the same provisions which are set out and quoted in the opinion of this court referred to above.

In Plea A it is alleged that because of such quoted provisions the defendants were exonerated from liability to the plaintiff. Plea B contained substantially the same averments as Plea A, with an additional averment that at the time the lease was executed and at the time plaintiff first

occupied the apartment the uneven places in the walkway where plaintiff fell were in existence. Plea C contained substantially the same averments as Plea A, with an additional averment that at the time the lease was executed and at the time plaintiff first occupied the apartment the repairs made to the walkway, as alleged in the amended complaint, had been completed. Plea D contained substantially the same averments as Plea A with the additional averment that the repairs to the walkway were completed prior to the execution of the lease and prior to the time the plaintiff first occupied the apartment. Plea E was a plea of the statute of limitations of one year.

Demurrer was filed by the plaintiff to each of these special pleas of the defendants. Plaintiff's demurrer to defendants' Pleas A and E were sustained by the court. The court overruled the plaintiff's demurrers to Pleas B, C and D. On account of such adverse rulings of the court the plaintiff moved the court to enter a judgment of nonsuit which was accordingly done. This appeal followed.

There are three assignments of error on this appeal. The first assignment is based upon the action of the trial court in overruling the plaintiff's demurrer to Plea B filed by the defendants to Count A of the amended complaint. The second assignment of error is based upon the overruling of the plaintiff's demurrer to Plea C to Count A of the amended complaint. The third assignment of error is based upon the overruling of the plaintiff's demurrer to Plea D to Count A of the amended complaint.

The facts as alleged in Count A and in Pleas B, C and D which appear to be pertinent are as follows: On March 10, 1956, and for a number of years prior thereto the defendants R. R. and Aubrey S. Miree were the owners of an apartment house in the City of Birmingham, Alabama, known as the Sycamore Manor. The defendant Wheeler, Lacey & Brown, Inc., was the agent in charge and control of the apartment house. In connection with the apartment house the defendants maintained a certain common walkway, extending between the public sidewalk in front of the apartment house and the apartment building for use of the tenants of the defendants in the apartment building. This walkway was not demised to any tenant in the apartment building.

During the period between March, 1954, and March, 1955, the defendants made repairs to the walkway. The repairs to the walkway made by the defendants were made in such a negligent manner as to cause the walkway to have uneven places in it, as a result of which the walkway was not in a reasonably safe condition for the use of the tenants. On March 10, 1956, the plaintiff, Mary C. Baker, was a tenant of the defendants, occupying an apartment in the apartment building under a written lease made on the 3rd day of September, 1954. The lease contains the exculpatory provisions which we have set out.

On March 10, 1956, while Mary C. Baker (appellant) was walking along the walkway in question, going from the public sidewalk to her apartment in the apartment building, she tripped and fell, seriously and painfully injuring herself. The proximate cause of her fall and injuries was the unsafe condition of the walkway which resulted from the negligent manner in which the defendants had made the repairs to the walkway at the point in question.

The repairs which the defendants made to the walkway in question were made and completed and the alleged uneven places existed in the walkway prior to the time the lease with the plaintiff was executed and prior to the time when the plaintiff first occupied the apartment in the apartment building.

■ I. In order to get to the real problem in this case, some preliminary princi-

ples should first be stated. This court has held that exculpatory provisions such as exist in the instant case between private parties are valid and binding upon the parties to the contract. They are not contrary to public policy and will be upheld. Wheeler, Lacey & Brown, Inc., v. Baker, supra; Life & Casualty Ins. Co. of Tenn. v. Porterfield, 239 Ala. 148, 194 So. 173; American Dist. Tel. Co. v. Roberts & Son, 219 Ala. 595, 122 So. 837; McKinney v. Mobile & O. R. Co., 215 Ala. 101, 109 So. 752, 48 A.L.R. 998.

Ordinarily the defendants would be under the duty of maintaining the common walkway at the place where the appellant fell in a reasonably safe condition for the use of their tenants in the building, including the plaintiff. Mudd v. Gray, 200 Ala. 92, 75 So. 468; Allen v. Genry, 39 Ala.App. 281, 97 So.2d 828.

It is also true that where a lessor, even though under no duty to make repairs, voluntarily undertakes to do so, he is liable for injuries proximately caused by negligence in making the repairs so as to render the premises dangerous to the life or limb of those rightfully occupying the premises. Southern Apartments, Inc., v. Emmett, 269 Ala. 584, 114 So.2d 453. But this principle does not apply to repairs made before the relationship of landlord and tenant begins. Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362; Spangler v. Hobson, 212 Ala. 105, 121 So. 828; Morgan v. Sheppard, 156 Ala. 403, 47 So. 147.

What we must decide in the instant case is whether the exculpatory provisions in the lease before us exonerate the defendants from the alleged negligence of the defendants. It seems to be agreed that unless the so-called exculpatory provisions of the lease set out in the pleas of the defendants intervene to relieve the defendants from liability, the defendants would be liable to the plaintiff for negligence in failing to maintain the common walkway in a reasonably safe condition for use by tenants in the apartments. It is stated in brief by the appellants that on the former appeal in this case, Mr. Justice Goodwyn was careful to set out the substance of the complaint upon which the case was tried. We quote from that opinion as follows:

"The question presented, then, is whether the exculpatory provision is applicable to the circumstances of this particular case so as to exonerate defendants from liability. Both parties rely on the holding in Armi v. Huckabee, 266 Ala. 91, 94 So.2d 380, to support their respective positions. The exculpatory provisions considered in that case are identical with those in the instant case. In the Armi case it was held that such provisions did not release the owners of the apartment building from liability for personal injuries to a tenant caused by the *negligent conduct* of the defendants, their agents or employees. In that case there was active negligence, while in the case before us liability is based on a *defect* which involves no affirmative negligence on the part of defendants, their agents or employees. * * *" 269 Ala. 294, 112 So.2d 463.

In other words, the holding was that the complaint as originally drawn and upon which the case was tried based liability on a defect which involved no affirmative negligence on the part of the defendants. We refer to some authorities with reference to active and passive negligence. 65 C.J.S. Negligence § 1, p. 322; 38 Am. Jur., p. 644.

Appellants in brief undertake to point out that the averments of Count A of the amended complaint are quite different from those contained in Count 1, stating that in Count 1 the pertinent averments were:

"And plaintiff avers that the said walkway was so negligently constructed or maintained by the defendants as to cause said walkway to have uneven

places; and plaintiff avers that on said date and occasion said walkway was not in a reasonably safe condition for the use of tenants, as aforesaid.

\* \* \* \* \* \*

"And plaintiff avers that all of her said injuries and damages were caused as a proximate result of the combined and concurring negligence of the defendants in negligently causing or negligently allowing said walkway at the point where plaintiff tripped and fell to be and remain in an unsafe condition for the use of tenants occupying said apartment building on said date and occasion."

Appellant's brief states that the comparable averments of Count A are as follows:

"And plaintiff avers that said walkway was so negligently repaired by the defendants as to cause said walkway to have certain uneven places; and plaintiff avers that on said date and occasion said walkway was not in a reasonably safe condition for the use of tenants, as aforesaid.

\* \* \* \* \* \*

"And plaintiff avers that all of her said injuries and damages were caused as a proximate result of the combined and concurring negligence of the defendants in negligently causing said repairs to be made to said sidewalk at the point where plaintiff tripped and fell, which said repairs so negligently made caused said sidewalk to be in an unsafe condition for the use of tenants occupying said apartment building on said date and occasion."

It is argued by the appellant that the averments of Count A charge active negligent conduct on the part of the defendants which proximately caused the plaintiff's injuries and damages. Accordingly appellant argues that it follows that under both the decision in Wheeler, Lacey & Brown, Inc., v. Baker, supra, and Armi v. Huckabee, 266 Ala. 91, 94 So.2d 380, the

so-called exculpatory provisions of the lease will not relieve and shield the defendants from liability to the plaintiff on account of their alleged negligence in making the repairs to the walkway. We note that Pleas B, C and D in varying ways allege that the uneven places in the walkway existed before the lease was made and before the plaintiff occupied her apartment. In other words, the alleged repairs were made prior to the existence of the lease and prior to the time the plaintiff used the apartment.

It is insisted by the appellant that it is not the time when the negligence occurs which determines the efficacy vel non of the exculpatory provisions of the lease, but whether there was active negligence or not on the part of the defendants. To put it a little differently, the contention is that if there was active negligence as contrasted with passive negligence, then the defendants are not relieved from liability.

We have thought about this matter a great deal, but cannot agree with appellant. The condition in the walkway existed before the lease was made and before the plaintiff had her apartment. The walkway therefore had defects in it before the relationship of landlord and tenant began. True, it took the fall of the plaintiff to make the negligence actionable (Tennessee Coal, Iron & R. Co. v. Smith, 171 Ala. 251, 55 So. 170), but the failure to correct the defects with the result that the walkway was in an unsafe condition before and while the lease was in force and effect, is the negligence relied on for recovery. This was passive negligence, as brought out in the opinion of this court on the first appeal. The Armi case presents quite a different situation. In that case there was no defective condition which proximately resulted in the plaintiff's personal injuries, but rather an active course of negligence when the landlord's employee shoveled hot coals from the furnace into dangerous proximity to a large amount of combustible materials. Accordingly there was no room in that

case for operation of the exculpatory provisions.

In the instant case the injury to the plaintiff occurred through a defect in the walkway appurtenant to the demised premises and the plaintiff has waived any injury or damages she may have sustained therefrom.

We conclude that the judgment of the lower court should be upheld.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.