307 So.2d 695

**Herman W. McCAY et al.**

**v.**

**BIG TOWN, INC., an Alabama Corporation, et al.**

**SC 1062.**

Supreme Court of Alabama.

Feb. 6, 1975.

Ben L. Zarzaur, Birmingham, for appellants.

Robert D. Norman, Birmingham, for appellees.

MERRILL, Justice.

Plaintiffs appeal from a judgment dismissing their suit against defendant for damages resulting from the destruction of plaintiffs' store building by fire.

Herman McCay and his wife, Mary Shirley McCay, the plaintiffs, leased the building to defendant, Big Town, Inc., and defendant, Bargain Town, U.S.A., guaranteed the performance of the lease by lessee, Big Town, Inc. The period of the lease was October 18, 1967 to December 31, 1977.

In January, 1974, the building was destroyed by fire. On June 21, 1974, plaintiffs filed this suit alleging that the fire was caused by and through the negligence (Count I) or the wanton conduct (Count II) of the defendants. The defendants filed a motion to dismiss on the grounds that the counts failed to state a claim against defendants upon which relief could be granted and that "It affirmatively appears under the lease attached to the complaint as Exhibit 'A' that plaintiffs have waived cause of action against defendant occasioned by negligence resulting in destruction or damage to real or personal property caused by fire."

It is conceded by both parties that the construction and interpretation of paragraph 14 of the lease is determinative of this case. That paragraph reads:

"14. WAIVER OF SUBROGATION: Lessor and Lessee each hereby waives such causes of action either may have or acquire against the other which are occasioned by the negligence of either of them or their employees or agents resulting in the destruction of or damage to real or personal property belonging to the other and located on or in the leased premises and which are caused by fire and/or hazards insured against in an Extended Coverages Endorsement to a Standard Fire Insurance Policy approved for use in the State of Alabama. Each party further agrees. to cause any insurance policy covering destruction of or damage to such real or personal property from fire and/or the hazards covered under the aforementioned Extended Coverage Endorsement to contain a waiver of subrogation or endorsement under which the insurance company waives its right of subrogation against any party to this Agreement in case of destruction of or damage to the aforementioned real or personal property of either such party."

Plaintiffs contend "that the parties intended to waive the negligence of each to the other, but only to the extent of the insurance proceeds," and it is stated in brief that "The appellants admit that they did waive the right to sue for that part of the loss covered by insurance."

■ We cannot agree that the proceeds of any insurance have any effect on paragraph 14.

The first sentence plainly, clearly and unambiguously states that each party "waives such causes of action either may have or acquire against the other which are occasioned by the negligence of either of them or their employees or agents re-

sulting in the destruction of or damage to real or personal property belonging to the other and located on or in the leased premises and which are caused by fire" and other hazards, not here pertinent, listed in Extended Coverage Endorsements on Standard Fire Insurance policies approved for use in Alabama. The second sentence plainly clearly and unambiguously states, in pertinent part, that each party agrees to cause any fire insurance policy on the property to contain a waiver of subrogation or an endorsement under which the insurance company waives its right of subrogation against any party to the lease agreement in case of destruction or damage by fire.

The simple import of this paragraph, insofar as fire insurance is concerned, is that each party to the lease waives any cause of action against the other in case their property is damaged by fire as the result of negligence of the other, and that the lessors, in their insurance on the building, and the lessees, in their insurance on their personal property in the building, will cause their respective policies to contain waivers of subrogation from the insurers.

■ This court has held that exculpatory provisions in a lease or contract between private parties are valid and binding upon the parties to the lease or contract. Baker v. Wheeler, Lacey & Brown, Inc., 272 Ala. 101, 128 So.2d 721; Wheeler, Lacey & Brown, Inc. v. Baker, 269 Ala. 293, 112 So.2d 461; Life & Casualty Ins. Co. of Tennessee v. Porterfield, 239 Ala. 148, 194 So. 173; American Dist. Tel. Co. v. Roberts & Son, 218 Ala. 595, 122 So. 837; McKinney v. Mobile & O. R. Co., 215 Ala. 101, 109 So. 752, 48 A.L.R. 998.

■ Rule 12(b)(6), ARCP, permits the defendant to file a motion to dismiss for "failure to state a claim upon which relief can be granted." The lease was an exhibit to the complaint and it is conceded that the construction of paragraph 14 of the lease

is controlling. The parties agreed to waive causes of action against each other in case either's property was destroyed or damaged by fire resulting from the other's negligence. This agreement barred plaintiffs' suit and the trial court properly dismissed it.

This action is supported by the following from Wright & Miller, Federal Practice and Procedure: Civil, Vol. 5, § 1357, p. 604:

> "As a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. In other words, dismissal is justified only when the allegations of the complaint itself clearly demonstrate that plaintiff does not have a claim. For example, in Case v. State Farm Mutual Automobile Insurance Company, (C.A. 5th, 294 F.2d 676) plaintiff claimed damages for defendant's wrongful termination of a contract. However, the terms of the contract, which was attached to the complaint as an exhibit, showed that defendant had the right to terminate the agreement with or without cause. * * *"

Another case, closer to the facts here, is Jacksonville News. Print. P. & A. U. No. 57 v. Florida Publishing Co., M.D.Fla. 340 F.Supp. 993 (1973), affirmed on other grounds, C.A. 5th, 468 F.2d 824, cert. denied 411 U.S. 906, 93 S.Ct. 1531, 36 L.Ed. 2d 196, where the court said:

> " * * * It follows that where plaintiff's cause of action arises out of a contract which is attached to his complaint as an exhibit, and where such contract shows unambiguously on its face that the relief prayed for is not merited, then dismissal is appropriate."

Affirmed.

HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.