This is a suit for personal injuries by a residential tenant against her landlord and its agents for the negligent maintenance of an apartment stairway on which she slipped and fell. The trial court directed a verdict for the defendants. Plaintiff appeals, primarily contesting the applicability of an exculpatory clause in her lease. We affirm. *Page 46 
On February 1, 1976, the plaintiff, Jan Walston, leased an upstairs apartment in an apartment complex owned by defendant Birdnest Apartments, Ltd. Although plaintiff's complaint alleged this defendant to be a corporation, evidence was introduced at trial, without objection, to the effect that this defendant was a limited partnership. Thus, the complaint was automatically amended pursuant to Rule 15 (b), ARCP.
At the time of plaintiff's fall, defendant Ladner Investment Company was an agent for Birdnest Apartments, in charge of the management and maintenance of the apartment complex. Ladner Investment Company was a division of defendant Ladner 
Company, Inc. Some issues of agency and legal identity are raised on this appeal, but we find it unnecessary to address them in light of the clear applicability of the lease's exculpatory clause to all the defendants.
Plaintiff's lease with Birdnest Apartments contained the following exculpatory provision:
 It is further understood and agreed that the Lessor shall not be liable for any damage which may occur on account of any defect in said building, or in said premises or from rain, wind or other causes.
Plaintiff concedes that such provisions are valid and enforceable. However, she argues on appeal that there was a scintilla of evidence of active negligence on defendants' part and the trial court consequently erred in granting a directed verdict to the defendants, citing Armi v. Huckabee, 266 Ala. 91, 94 So.2d 380 (1957). We disagree. In Armi, this Court held that exculpatory clauses do not exonerate landlord defendants who commit active, as opposed to passive, negligence.
Plaintiff's apartment building contains two upstairs apartments. She lived in one of these. Leading up to the front of this building, there is a main stairway to a central landing. On either side of this central landing, a short stairway leads to another landing outside the door of each upstairs apartment.
On the morning of November 29, 1976, plaintiff left her apartment to go to work. It had rained the night before, and the air was cool. When she stepped down to the top step of the short stairway, she slipped and fell to the central landing, injuring herself. The step on which she slipped was worn down, and water had frozen in the depression, causing it to be slippery.
The stairway was constructed in 1973 out of yellow pine or some other wood. No non-slip surface was applied to the steps at that time. The only direct evidence of an application of a non-slip surface to the apartment stairways was the testimony of Dennis Roundtree, vice president of defendant Ladner 
Company, Inc., viz.:
 Q. Had — have you ever had any of that non-slip material on the steps out there?
A. On that particular set of steps?
Q. Yes, sir.
 A. Can't answer that. We have tried several different application [sic], very unsuccessful.
[Emphasis added.]
The testimony of plaintiff's upstairs neighbor and another tenant indicated that some of the apartment steps had "roofing strips" or a "rough material" nailed on them while others had no stripping at all. The stripping had worn off some steps. There was none on the steps were plaintiff fell.
Plaintiff argues that this testimony constitutes a scintilla of evidence of active negligence. We disagree. The case ofBaker v. Wheeler, Lacey Brown, Inc., 272 Ala. 101,128 So.2d 721 (1961), analyzes the issue of active negligence in a factual context almost identical to the instant case. This Court recently cited and quoted with approval Baker in Matthewsv. Mountain Lodge Apartments, Inc., 388 So.2d 935 (Ala. 1980). In Baker, the plaintiff tripped and fell on a sidewalk leading to her apartment. Her lease also contained an exculpatory clause. Repairs to the sidewalk had been made by the defendant landlord prior to the plaintiff's occupation of the apartment. The repairs left an unevenness in the sidewalk, causing plaintiff's fall. *Page 47 
Finding such repairs to be merely passive negligence, this Court rejected plaintiff's argument that the time when the negligence occurred was not determinative.
 We have thought about this matter a great deal, but cannot agree with appellant. The condition in the walkway existed before the lease was made and before the plaintiff had her apartment. The walkway therefore had defects in it before the relationship of landlord and tenant began. True, it took the fall of the plaintiff to make the negligence actionable (Tennessee Coal, Iron R. Co. v. Smith, 171 Ala. 251, 55 So. 170), but the failure to correct the defects with the result that the walkway was in an unsafe condition before and while the lease was in force and effect, is the negligence relied on for recovery. This was passive negligence, as brought out in the opinion of this court on the first appeal. The Armi case presents quite a different situation. In that case there was no defective condition which proximately resulted in the plaintiff's personal injuries, but rather an active course of negligence when the landlord's employee shoveled hot coals from the furnace into dangerous proximity to a large amount of combustible materials. Accordingly there was no room in that case for operation of the exculpatory provisions. [Emphasis added.]
272 Ala. at 106-07, 128 So.2d 721.
In the instant case, plaintiff has not produced a scintilla of evidence that the alleged application of non-slip stripping to the steps on which plaintiff slipped occurred after she occupied the apartment. This is a necessary element of active negligence as defined in Baker. The testimony of Ladner 
Company's vice president, quoted above, makes no mention of when the applications were made. In fact, he could not even testify that applications were made to the particular steps on which plaintiff slipped.
The steps were constructed in 1973; plaintiff entered possession three years later in 1976. She had only been in the apartment 10 months when the accident occurred. Her upstairs neighbor testified that during that time he had not seen any attempted repairs of the stairway. Both he and the plaintiff testified that neither of them had contacted defendants concerning the condition of the steps. In all likelihood, if any applications were indeed made to the particular steps in question, they were made in the three-year period prior to plaintiff's occupancy. This could constitute only passive negligence under the Baker analysis.
There is no reasonable basis for concluding that these applications were made after plaintiff occupied the apartment. As we recently observed in Matthews v. Mountain LodgeApartments, Inc., "[W]e have consistently held that the scintilla doctrine does not vitiate the rule that a conclusion based on speculation or conjecture as to liability is not a proper basis for a verdict." 388 So.2d at 939.
Finding that plaintiff has failed to produce a scintilla of evidence of active negligence, we hold the defendants were entitled to a directed verdict on the basis of the lease's exculpatory clause. The trial court's judgment is thereby due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.