I concur to reverse and remand, but I would do so by holding the exculpatory clause invalid.
In Matthews v. Mountain Lodge Apartments, Inc., 388 So.2d 935
(Ala. 1980), this Court addressed the question of the validity of exculpatory clauses to absolve a landlord of liability for negligent injury to property. We upheld the validity of the clause in property injury cases, but specifically withheld the question of the validity of exculpatory clauses to bar recovery for personal injuries. Matthews v. Mountain Lodge Apartments,Inc., 388 So.2d 935, n. 1, Ala. I would hold that the provision is invalid and unenforceable.
The general rule in Alabama is that a person may not contract away the consequences of his or her own negligence. AlabamaGreat Southern Railroad Co. v. Sumter Plywood, 359 So.2d 1140
(Ala. 1978); Housing Authority of Birmingham District v.Morris, 244 Ala. 557, 43 So.2d 527 (1943). This Court has recognized an exception for certain exculpatory clauses. SeeMatthews v. Mountain Lodge Apartments, Inc., 388 So.2d 935
(Ala. 1980); Baker v. Wheeler, Lacey Brown, 272 Ala. 101,128 So.2d 721 (1961). The rationale for recognizing such an exception is that leases are private contracts in which the public has no interest and enforcement of which will result in no injury to the public. Alabama Great Southern Railroad Co. v.Sumter Plywood, 359 So.2d at 1145. Nevertheless, such an argument has little strength when applied to the *Page 765 
exculpation of liability for personal injuries. See, e.g.,Henrioulle v. Marin Ventures, Inc., 20 Cal.2d 512,143 Cal.Rptr. 247, 573 P.2d 465 (1978); Papakalos v. Shaka, 91 N.H. 265,18 A.2d 377 (1941); Kuzmiak v. Brookchester, Inc.,33 N.J. Super. 575, 111 A.2d 425 (1955); McCutcheon v. United HomesCorp., 79 Wn.2d 443, 486 P.2d 1093 (1971). The rental industry provides a basic necessity of life, shelter, to thousands of inhabitants of this State. Henrioulle v. MarinVentures, Inc., 20 Cal.2d 512, 143 Cal.Rptr. 247, 573 P.2d 465;McCutcheon v. United Homes Corp., 79 Wn.2d 443,486 P.2d 1093. A lease is no longer an isolated contract between one landlord and one tenant. The size of the rental industry is so great that construction of an exculpatory clause has an impact on thousands of citizens. Id. Furthermore, the public has an interest in the quality of housing offered for rent to all members of the public. Enforcement of exculpatory clauses in personal injury cases results in great harm to the public, and thus these clauses do not fall within the exception to the rule that a party may not contract against his or her own negligence.
Society also has a stronger interest in preventing personal injuries than property injuries, as expressed by the legislature in various enactments. For example, § 7-2-719 (3), Code 1975, provides that a clause limiting consequential damages for personal injury in the sale of consumer goods is prima facie unconscionable. Alabama's version of the Uniform Commercial Code also differs from the official version in one significant respect. Sections 7-2-718 and 7-2-719 (4) state that nothing in the provisions of the Code shall be construed to limit the seller's liability for personal injury. While the legislature has not specifically addressed the issue of exculpatory clauses, other code sections reinforce the view that although the landlord may limit liability for property damages, the landlord may not limit liability for personalinjuries.
"Agreements exempting persons from liability for negligence induces [sic] a want of care, for the highest incentives to the exercise of due care rest in consciousness that a failure in this respect will fix liability to make full compensation for any injury resulting from the cause." Housing Authority ofBirmingham District v. Morris, 244 Ala. 557, 14 So.2d 527
(1943). In other words, the best way to promote the exercise of due care is to hold a landlord liable for his or her own negligence. Tenants are not the only people who are injured by a landlord's negligent infliction of physical injury. Any member of the public may enter the premises and be injured as a result of a landlord's failure to exercise due care. The public has an interest in protecting itself from such injury. Exculpatory clauses discourage landlords from meeting the duty imposed on them by law for the protection of society.
Exculpatory clauses are inconsistent with the principles of tort law. See McCutcheon v. United Homes Corp.,79 Wn.2d at 450, 486 P.2d at 1097. Tort law imposes liability for unsafe products, unsafe food and unsafe premises. "It makes little sense for us to insist, on the one hand, that workmen have a safe place in which to work, [safe products, and safe food], but, on the other hand, to deny [them] a reasonably safe place in which to live." Id.
Exculpatory clauses for personal injuries are not only violative of public policy, but the clauses are prima facie unconscionable. See Code 1975, §§ 7-2-718, 7-2-719; Weaver v.American Oil Co., 257 Ind. 458, 276 N.E.2d 144 (1971). Section7-2-302 of the Alabama Code permits this Court to refuse to enforce a contract which is found to be unconscionable. Although the section is specifically applicable only to sales contracts, the principles are analogous to contracts for the rental of property. An unconscionable contract is one "[s]uch as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other." West Point-Pepperell, Inc. v. Bradshaw, 377 F. Supp. 154
(M.D.Ala. 1974) (quoting Hume v. United States, 132 U.S. 406,10 S.Ct. 134, 33 L.Ed. 393 (1889)). Courts have cited several factors as bearing on the issue of whether a contract is enforceable. Those *Page 766 
factors include the bargaining power of the parties, the availability of meaningful choices and whether the provisions unreasonably favor one party. Id., Weaver v. American Oil Co.,257 Ind. 458, 276 N.E.2d 144 (1971). Clearly, landlords have greater bargaining power than tenants in residential leases. A tenant must live somewhere. The tenant has no meaningful choices. He can accept this landlord or go to another landlord who charges the same rent and asks the tenant to sign the same standard form lease. In other words, the modern standard form lease is in essence an adhesion contract. A survey of residential leases in Alabama would show that almost all leases contain these exculpatory clauses. A reasonable person with equal bargaining power would not accept a term whereby they or their children may be injured or killed, and they would have no recourse against the guilty party. Justice Frankfurter of the United States Supreme Court spoke on the question of inequality of bargaining power in his dissenting opinion in United Statesv. Bethlehem Steel Corp., 315 U.S. 289, 62 S.Ct. 581,86 L.Ed. 855 (1942):
 "It is said that familiar principles would be outraged if Bethlehem were denied recovery on these contracts. But is there any principle which is more familiar or more firmly embedded in the history of Anglo-American law than the basic doctrine that the courts will not permit themselves to be used as instruments of inequity and injustice? Does any principle in our law have more universal application than the doctrine that courts will not enforce transactions in which the relative positions of the parties are such that one has unconscionably taken advantage of the necessities of the other?
 "These principles are not foreign to the law of contracts. Fraud and physical duress are not the only grounds upon which courts refuse to enforce contracts. The law is not so primitive that it sanctions every injustice except brute force and downright fraud. More specifically, the courts generally refuse to lend themselves to the enforcement of a `bargain' in which one party has unjustly taken advantage of the economic necessities of the other."
This Court should not be an instrument of inequity and injustice. An exculpatory clause of this type contravenes the long established common law rules of tort liability. The question is whether this Court will sanction the statewide immunization of landlords for personal injuries, encourage landlords to neglect the duties imposed on them by law for the protection of tenants, and expose tenants to the risk of injury through a landlord's carelessness. This Court should not sanction such a rule. Thus, I would hold that exculpatory clauses in residential leases limiting the landlord's, or his agent's, liability for personal injuries are unenforceable.
JONES and EMBRY, JJ., concur.