# Edwards *v.* Scruggs.

*Bill to Declare an Equitable Mortgage or Lien on Lands.*

(Decided April 16, 1908. Rehearing denied June 18, 1908.
46 South. 850.)

1. *Mortgages; Equitable Mortgages; Jurisdiction of Equity.*—Where the intention of the parties to a transaction, were to give security for a debt, on a particular piece of property, and there was a failure to carry out the intention, equity will declare the existence of an equitable mortgage lien, and enforce the same against the property in satisfatcion of the debt, in an appropriate proceeding.

2. *Frauds; State of; Availability as a Defense.*—Where the defense of the statute of frauds is applicable and is pleaded, such defense is not defeated by the principle that equity will, in appropriate proceedings, and on proper showing declare the existence of an equitable mortgage and enforce the claim in satisfaction of a debt.

3. *Same*—.The promise to give a mortgage on real estate must be in writing before equity can declare the existence of an equitable mortgage, on failure to execute such mortgage; unless there was such part performance as will take the case out of the statute of frauds.

4. *Same.*—The defense of the statute of frauds may be raised by demurrer where the bill on its face shows that the promise to execute the mortgage on certain lands, although an express promise, was not in writing.

APPEAL from Jefferson Chancery Court.
Heard before Hon. A. H. BENNERS.

[Edwards v. Scruggs.]

Bill by G. B. Edwards against Mary Scruggs to declare and enforce an equitable mortgage on certain lands. From a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

ESTES, JONES & WELCH, for appellant. When a parol contract for the sale of lands has been partly performed the transaction is no longer within the influence of the statute of frauds.—*Rhodes v. Weeden,* 108 Ala. 253; *Martin v. Plancher,* 77 Ala. 288; *Shakespere v. Alba,* 76 Ala. 351; *Jenkins v. Lovelace,* 72 Ala. 303; *Heflin v. Bingham,* 56 Ala. 566; *Brewer v. Brewer,* 19 Ala. 281. The doctrine of equitable mortgages is not limited to written agreements intended as mortgages.—*Sprague v. Cochran,* 144 N. Y. 104; *Vordick v. Jackson,* 7 Hun. 48; 4 Kent Comm. 150; 90 Pet. 204; *Coster v. Bank* of Ga. 24 Ala. 59; *Newlin v. McAfee,* 64 Ala. 364; *New England Mtg. Co. v. Fry,* 32 South. 57; *Jones v. Kennedy,* 35 South. 465.

ALLEN & BELL, for appellee. If in writing the agreement set up would have been void for uncertainty.—*Allen v. Young,* 88 Ala. 340; *Westbrook v. Hayes,* 137 Ala. 572; *Alba v. Strong,* 94 Ala. 163. The court cannot compel assent of the husband so that it cannot declare a mortgage in this case.—*Henderson v. Kirkland,* 127 Ala. 185.

DOWDELL, J.—The bill in this case is not, as counsel for appellee seem to consider it as being, for the specific performance of a contract, but is one to declare an equitable mortgage or lien upon the land described, and to enforce the same for the satisfaction of the debt, which it is claimed that it was the intention of the parties to be secured. We recognize the well-settled and familiar principle in equity that where it

is clearly shown that the intention of the parties to a transaction is to give a security for a debt or obligation upon some particular property, but for some reason there is a failure to carry out such intention in the contract, a court of equity will in an appropriate proceeding declare an equitable mortgage or lien to exist, and by its decree enforce the same against such property in satisfaction of the debt or obligation. This principle, however, according to the weight of authority, will not operate to defeat the defense of the statute of frauds, where such defense is applicable and is pleaded. The bill in the present case shows an express promise on the part of the respondent to give a mortgage on the particular land described, and in this the intention of the parties that the land should be security for the debt is clearly shown. But the bill also shows that the promise was not in writing, but a verbal one.

In 3 Pomeroy's Eq. Jurisprudence (3d Ed.) § 1235, the general doctrine is thus stated: "The doctrine may be stated, in its most general form, that every express executory agreement in *writing* (italics ours), whereby the contracting party sufficiently indicates an intention to make some particular property, real or personal, or fund, therein described or identified, a security for a debt or other obligation, or whereby the party promises to convey or assign or transfer the property as security, creates an equitable lien upon the property so indicated, which is enforceable against the property in the hands, not only of the original contractor, but his heirs, administrators, executors, voluntary assignees, and purchasers or incumbrancers with notice. Under like circumstances, a merely verbal agreement may create a similar lien on personal property." It is to be observed, according to this eminent text writer, that, where real estate or land is the subject of the intended

security, the contract must be in writing. In the case, of *Coster's Ex'rs v. Bank of Georgia,* 24 Ala. 37, where the contract or agreement between the parties was in parol, an equitable lien was decreed as to both real and personal property; but, as was said in *Morrow v. Turney,* 35 Ala. 136, in referring to that case: "But the question of the statute of frauds is not shown by the record to have been pleaded, and was not noticed by the court."

A review of the Alabama cases along this line will disclose that where an equitable mortgage or lien has been established on a verbal promise or agreement showing an intention to give a security, either personal property was the subject of the agreement, or, if land, then in that case something was done, as, for instance, the payment of the purchase money and a letting into possession, thereby taking the case without the statute. Such are many of the cases of our own cited in brief of appellant's counsel.

The demurrer sufficiently raises the question and the decree of the chancellor in sustaining it will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.