(130 So. 378)

### HARDAWAY et al. v. SADLER.

#### 3 Div. 921.

Supreme Court of Alabama.

Oct. 16, 1930.

Walton H. Hill and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellants.

Powell & Hamilton, of Greenville, for appellee.

BROWN, J.

This is a bill filed by the appellants against the appellee to declare an equitable mortgage

or lien upon the lands known as the Sadler-McQueen place in Lowndes county, Ala., and to enforce the same for the satisfaction of a debt due to the complainants, evidenced by a note and crop mortgage, also covering live stock and farming implements, executed by B. M. Sadler and his wife, the defendant, on the 18th of April, 1925, for advances to be made to aid in farming said lands, and a like note and mortgage executed January 9, 1926, by said B. M. Sadler, the defendant, his wife, and their son, J. N. Sadler.

It was stipulated in both of said mortgages that: "The grantors herein are purchasing the Sadler-McQueen place of 96 acres from the Estate of J. P. McQueen, and they hereby specifically agree that when they acquire title to said place they will execute a mortgage thereon to better secure the indebtedness hereby secured."

B. M. Sadler died on the 6th of May, 1926, and at that time the indebtedness amounted to about $1,900, and subsequent to Sadler's death, J. N. Sadler and the respondent executed a note for $450 for advances to complete the crops, making in the aggregate $2,353.71.

The appellants invoke the principle recognized in Edward v. Scruggs, 155 Ala. 568, 570, 46 So. 850, and stated by Prof. Pomeroy: "In its most general form, that every express executory agreement in writing, whereby the contracting party sufficiently indicates an intention to make some particular property, real or personal, or fund, therein described or identified, a security for a debt or other obligation, or whereby the party promises to convey or assign or transfer the property as security, creates an equitable lien upon the property so indicated, which is enforceable against the property in the hands, not only of the original contractor, but his heirs, administrators, executors, voluntary assignees, and purchasers or incumbrancers with notice." 3 Pomeroy's Eq. Jurisprudence (3d Ed.) § 1235.

The theory of the bill, though it might have been more clearly stated, seems to be that the debt due to complainants was the joint obligation of B. M. Sadler and the defendant, his wife, who had jointly purchased the Sadler-McQueen tract, and at the time of the execution of the mortgages embodying the agreement, had not acquired the title. That subsequent to the death of Sadler the defendant took the title in her name, and refused to perform the agreement to execute a mortgage.

On final hearing on pleading and proof the circuit court dismissed the bill, without stating any reason therefor, other than that the complainants were not entitled to relief.

■ The reasons for this conclusion, however, clearly appear on the face of the record. There is an absence of allegation or proof of fraud, and the evidence is without dispute that the property was purchased from McQueen in 1906, by the defendant; that contract being in writing and signed by the parties thereto. While it may be conceded that the evidence shows that B. M. Sadler made some of the payments, and paid some of the taxes on the property, these payments were made at a time, so far as appears, when he was in good financial circumstances, and owed no debts, and in the absence of fraud are prima facie presumed to have been made as advancements for the benefit of the nominal purchaser. Swendick v. Swendick, ante, p. 337, 128 So. 593.

■ Moreover, for many years before the execution of the crop mortgages, B. M. Sadler farmed the land in controversy, upon which he and his wife resided as a homestead, obtained supplies from complainants which were charged on complainants' books against said B. M. Sadler, and at the time of the execution of the first mortgage the books showed a balance in favor of Sadler, and the conclusion, we think, from the evidence, is irresistible that the debt embraced and secured by the personal property mortgages was the debt of B. M. Sadler, individually, and not the joint obligation of Sadler and his wife, her signature appearing thereon merely as surety, and not binding her or her separate estate. Code 1923, § 8272.

■ If it should be conceded that the property was that of B. M. Sadler, the husband, the agreement to convey as expressed in the personal property mortgages was void, the mortgages having been executed without the separate acknowledgements of the wife. Code 1923, § 7883; Clark et al. v. Bird, 158 Ala. 278, 48 So. 359, 132 Am. St. Rep. 25.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.