PER CURIAM.
This appeal comes to us from the Circuit Court for Madison County. Sushan K. Anand, plaintiff, brought an action in tort and contract against Van Pac Carriers, Inc., and two other defendants, Wheaton Van Lines, Inc., and Aerospace Movers, Inc., because of damage done to his household goods incurred while they were being moved from Scottsboro, Alabama, to Port Le Cortez, Honduras, and then to New Orleans, Louisiana. The trial court granted a motion to dismiss as to Wheaton Van Lines, Inc. The ease proceeded to trial by jury, and a verdict was returned against Van Pac Carriers, Inc., and Aerospace Movers, Inc., in the amount of $10,127.58. Aerospace did not appeal, so we are concerned only with Van Pac Carriers (defendant). Defendant appealed the denial of its motions for a directed verdict and for new trial or, in the alternative, judgment notwithstanding the verdict.
The dispositive issues on this appeal are whether defendant’s liability extended beyond the original contract to ship plaintiff’s household goods to Honduras; and if it did not, whether the plaintiff established at trial that the damage that occurred to his possessions happened under the original contract with the defendant. We answer both in the negative and reverse.
The facts pertinent to this appeal are as follows. Plaintiff, for business purposes, decided to move his family and household goods from Scottsboro, Alabama, to Honduras. Plaintiff expected to remain in Honduras for six months. On July 5, 1977, the defendant packed and removed plaintiff’s goods for shipment. Plaintiff testified that the packing was done roughly, and at one point he ordered the movers to stop packing. Plaintiff, however, received assurance that the movers were competent. The movers were allowed to finish packing the remove plaintiff’s goods for shipment.
Plaintiff made arrangements for payment of the shipping charges and was issued a bill of lading providing for shipment to Honduras through New Orleans, Louisiana. Plaintiff also paid an insurance premium for protection against damage to his goods. During the second week in July 1977, plaintiff and his family left for Honduras. Plaintiff testified that he was promised delivery in three to four weeks. The goods did not arrive in Honduras until October 1977, near the end of plaintiff’s stay. Upon learning of arrival of his goods, plaintiff went to the office of Honduran Line, which actually delivered the plaintiff’s goods to Honduras, and instructed it to send the goods back under the same terms and conditions. Plaintiff did not sign any papers with Honduran Line, nor was he issued a new bill of lading. The goods were sent back and plaintiff claimed and inspected them in New Orleans. In New Orleans, plaintiff made payment to Honduran Line for shipment of the goods from Honduras. Plaintiff inspected some of his goods and found them to be damaged. Isaiah Knight was hired by the plaintiff to move his goods from New Orleans to Scottsboro, Alabama, and later to Georgia. After plaintiff inspected some of his goods in New Orleans, subsequent inspection when the goods reached Scottsboro, Alabama, revealed additional damage.
The first question we consider is whether defendant’s liability extended beyond the original contract providing for shipment of plaintiff’s goods to Honduras. Although it dealt with interstate commerce, we believe the principle stated in Clark v. Louisville & N. R. R. Co., 216 Ala. 637, 114 So. 295 (1927), to be applicable to the instant case. In Clark, this court stated that “ ‘The obligation of the initial carrier ceases when the goods reach the destination in good.condition to which they were originally intended or consigned.’ ” Clark, 216 Ala. at 639, 114 So. at 297. This Court stated also in Clark:
The owner of goods shipped — and pri-ma facie the consignee is the owner — may change his instructions as to their destination, and substitute a different place of delivery; but this ... he must do during *597 the transit, and not after their destination has been reached, and the terms of the carrier’s obligation have been fulfilled. [Citation omitted.]
Clark, 216 Ala. at 640, 114 So. at 297. In American Cotton Products Co. v. New York Cent. R. Co., 142 Misc. 821, 255 N.Y.S. 672, at 681 (1932), it was noted that a “carrier’s obligation terminates when the goods reach the original destination. Hence, transit beyond this original destination usually requires a new contract.”
Plaintiff contends that defendant’s liability for his goods continued until the goods were returned from Honduras to New Orleans. We find, after a review of the record, that this contention is without merit. By his own testimony, plaintiff established that when he re-shipped his goods back to New Orleans, he dealt with Honduran Line, and not defendant. Further, plaintiff testified that he made payment to Honduran Line for the return shipment, and that no payment was made to the defendant for that shipment. The fact that apparently a new bill of lading erroneously was not issued does not help the plaintiff under the facts of his case. Under the above-cited authority, it is clear that with delivery of the plaintiff’s goods to Honduras, a new contract for shipment elsewhere had to be made. The plaintiff produced no evidence to allow the jury to believe that Honduran Line was acting as an agent for defendant on the return shipment from Honduras to New Orleans. The most that plaintiff’s evidence showed was that he mistakenly assumed that because Honduran Line was used by the defendant to ultimately deliver the plaintiff’s goods to Honduras, it could bind the defendant as its agent when plaintiff ordered his goods sent back.
Having determined that defendant’s responsibility under the contract for shipment ended when plaintiff’s goods reached Honduras and he ordered them re-shipped, we next consider whether the verdict against the defendant for damage to the goods was supported by evidence in the record. Plaintiff testified that he first inspected some of his goods in New Orleans, after they had been returned from Honduras. In New Orleans he discovered some items were damaged. After the goods were shipped from New Orleans, plaintiff discovered that additional items had been damaged, when the goods were inspected in Scottsboro, Alabama.
Both plaintiff and defendant agree that for defendant to be held liable for damage to plaintiff’s goods, the plaintiff must establish: “(1) delivery to the carrier in good condition; (2) arrival in damaged condition, and (3) the amount of damages.” Ed Miniat, Inc. v. Baltimore and Ohio Railroad Company, 587 F.2d 1277 (D.C. Cir. 1978). We believe that plaintiff did not establish that his goods arrived in damaged condition in Honduras, the place at which defendant’s responsibility under the contract ended. By his own testimony plaintiff admitted he did not inspect his goods until they were returned to New Orleans. He further admitted that he had no idea as to where the damage to his goods occurred. Nor do we find the testimony of plaintiff’s expert witness helpful in establishing liability of the defendant. Isaiah Knight testified that he observed some of the damaged goods in New Orleans and later also helped plaintiff unpack some of the crates at plaintiff’s house. He testified that in his opinion part of plaintiff’s goods were packed improperly. We find nothing in Mr. Knight’s testimony that establishes defendant’s shipping or packing of the goods resulted in their damage.
We have held consistently that a verdict cannot be founded upon speculation or conjecture. Walston v. Birdnest Apartments, 395 So.2d 45 (Ala.1981); Matthews v. Mountain Lodge Apartments, 388 So.2d 935 (Ala.1980). In the instant case, the trial court erred in denying defendant’s motion for a directed verdict. The judgment is, therefore, due to be reversed and rendered.
REVERSED AND RENDERED.
TORBERT, C. J., and FAULKNER, AL-MON, EMBRY and ADAMS, JJ., concur.