WRIGHT, Presiding Judge
Plaintiff leased by written lease a residence from defendant in 1977. The lease was renewed annually with some immaterial changes. The last renewal was in September 1980. Each lease contained an exculpatory clause exempting lessor from all liability for injury to lessee resulting from the negligence of lessor or her agents in relation to the leased premises.[1] There was a fire at the leased premises in December 1980.
Plaintiff lessee brought suit claiming breach of contract for failure to repair a hot water heater in a’first claim. A second claim charged negligence in failing to repair or replace a faulty water heater. Defendant lessor defended on the terms of the lease. At trial before a jury, the court removed the first claim for breach of contract from the jury. The second claim, based upon negligence, was submitted to the jury with direction to disregard the lease and its exculpatory clause. The court charged the jury that the issue was whether defendant negligently performed a voluntary undertaking to repair the water heater, which allegedly caused the fire.
Defendant's motion for directed verdict on the negligence claim was denied. Defendant also duly objected to the charge to the jury directing them to disregard the terms of the lease including the exculpatory clause. Defendant's motion for new trial and judgment notwithstanding the verdict was also denied.
The only issue presented by defendant as appellant here is whether the exculpatory clause in the lease prohibits recovery by plaintiff for the alleged negligence of failure of defendant to repair a defective water heater during the term of the lease.
Upon the authority of the decision in the case of Matthews v. Mountain Lodge Apartments, Inc., 388 So.2d 935 (Ala.1980), the issue must be found in favor of the defendant. The evidence presented, if showing any'negligence at all, shows nothing more than passive negligence as described in Matthews. Matthews stands for the proposition that a clause exculpat *879 ing the lessor in a private lease from all negligence is alive and valid, except in the instance of the active negligence of the lessor, or, as in the case of Taylor v. Leedy and Company, 412 So.2d 763 (Ala.1982), the concealment of a latent defect known by the lessor at the time the lease is made.
Recognizing that we may aid in the continuation of Mr. Justice Jones in his iconoclastic role assumed in his dissent in Matthews, we must yet travel with the majority’s decision.
For error in denying to defendant a directed verdict and in failing to grant the motion for judgment notwithstanding the verdict, the judgment of the trial court is reversed. The case is remanded for entry of a judgment not contrary to this opinion.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.

. We omit the clause because of its length.