PER CURIAM.
Pursuant to Rule 18, Ala. R.App. P., the following questions have been certified to this Court by the United States Court of Appeals for the Eleventh Circuit:
“1. Does the proper construction of Ala.Code [1975,] § 15-13-152 and § 15-13-156 permit the holder of the bail bond to file the affidavit before forfeiture of the bond; and if so, does that filing create an enforceable lien at that time? If yes, does that filing mean that the filer would take precedence in a foreclosure over the liens of subsequent filers such as Union Planters?
“2. If New York is precluded from taking precedence pursuant to the resolution of the preceding question, did the affidavit nevertheless create an equitable mortgage; and if so, would New York take precedence over the liens of subsequent filers such as Union Planters?
“3. If New York does not take precedence pursuant to the resolution of ei *1009 ther of the two preceding questions, can it nevertheless take precedence because Union Planters’ agent had actual knowledge of the affidavit?”

Facts and Procedural History

The Eleventh Circuit Court of Appeals set out the facts as follows:
“In July 1999, Serag Khodir issued a mortgage to Union Planters Bank in the amount of $480,000, covering a property in Baldwin County, Alabama. Almost two years later, Khodir and his business partner, Salem Hady, were indicted in New York. The New York trial court set an appearance bond at $300,000 in favor of New York as security for Mr. Hady’s appearance. Khodir executed a property bail bond for that amount in favor of New York, and on December 7, 2001, New York placed of record in the Baldwin County Probate Office a bond executed by Khodir in order to create a lien on the property to secure the bond. Khodir then decided to refinance his 1999 mortgage, which he had paid down to $154,000. The new mortgage was for $350,000, and represented a refinancing of the $154,000 plus $196,000. It was recorded on February 12, 2002, and the first mortgage was recorded as cancelled on March 19, 2002. During the title search, the title company found the Kho-dir affidavit regarding the bail bond and deemed it unimportant.
“On June 20, 2003, a judge of the New York State Supreme Court executed an order forfeiting bail, which was filed with the City Clerk of New York County. On September 9, 2003, Union Planters initiated a foreclosure sale and sold the property for $470,000. The amount due on the mortgage was $358,709.25. New York domesticated the bond forfeiture as a judgment in Alabama on May 10, 2004.
“Union Planters brought suit to determine priority among the three lienhold-ers.[1] After New York removed the action to federal court, the parties moved for summary judgment. The district court granted Union Planters’ motion, relying heavily on an opinion issued by the Alabama Attorney General. This opinion addressed the issue of whether or not a property bail bond is invalidated if the property is sold. The opinion held that it was not. However, the opinion also indicated that the bail bond statutes apparently intended to create a lien only after the final forfeiture is entered. The district court held that Union Planters’ mortgage was first in line, construing the statutes as permitting the filing and creation of a lien only after the forfeiture, and that took place after the second mortgage was entered.
Union Planters Bank, N.A. v. New York, 436 F.3d 1305, 1306-07 (11th Cir.2006).

Discussion

The United States District Court for the Southern District of Alabama concluded that Alabama law is controlling as to the issue of when New York’s interest in the property attached and that under § 15-13- *1010 152 and § 15-13-156, Ala.Code 1975, part of the Alabama Bail Reform Act, a pledge of property to secure a bail bond does not become an enforceable lien on the real property until final forfeiture is entered by the trial court following the defendant’s failure to appear. The United States Court of Appeals for the Eleventh Circuit, pursuant to Rule 18, Ala. R.App. P., certified three questions to this Court “because there are no cases interpreting the Alabama statutes governing the property bail bonds and when they become liens, and because [the Eleventh Circuit Court of Appeals did] not find clear guidance in the statutes themselves.” Rule 18(a), Ala. R.App. P., provides:
“When it shall appear to a court of the United States that there are involved in any proceeding before it questions or propositions of law of this State which are determinative of said cause and that there are not clear controlling precedents in the decisions of the Supreme Court of this State, such federal court may certify such questions or propositions of law of this State to the Supreme Court of Alabama for instructions concerning such questions or propositions of state law, which certified questions the Supreme Court of this State, by written opinion, may answer.”
The threshold issue in the present case is whether Alabama law is determinative of the conflict between Union Planters and the people of the State of New York (“New York”).
The first question posed by the Eleventh Circuit Court of - Appeals concerns the Alabama Bail Reform Act, § 15-13-100 et seq., Ala.Code 1975. Section 15-13-101(1) defines an appearance bond as “an undertaking to pay the clerk of the circuit, district, or municipal court, for the use of the State of Alabama or the municipality, a specified sum of money upon the failure of a person released to comply with its conditions.” “ ‘[B]ail’ is the release of a person who has been arrested and is being held in the custody of the State of Alabama or one of its subdivisions for the commission of a criminal offense.” § 15-13-102. Section 15-13-107(a) provides that “|j‘]udges of any court within the State of Alabama may accept, take, and approve bail within the jurisdiction of their respective courts.” The provisions of the Alabama Bail Reform Act address bail bonds created by the courts of Alabama. When real property is pledged as bail to secure an appearance in Alabama, the Alabama Bail Reform Act would be determinative of when an enforceable lien is created. However, the Alabama Bail Reform Act does not apply to foreign jurisdictions. It does not apply to a property bond to pay a New York court to secure an appearance in a New York court. Accordingly, an answer to the question posed in the first certified question — “Does the proper construction of Ala.Code [1975,] § 15-13-152 and § 15-13-156 permit the holder of the bail bond to file the affidavit before forfeiture of the bond; and if so, does that filing create an enforceable lien a that time? If yes, does that filing mean that the filer would take precedence in a foreclosure over the liens of subsequent filers such as Union Planters?” — would not be determinative of whether an enforceable lien had been created by New York’s recording of the affidavit in the Baldwin County Probate Court. Therefore, we decline to answer the first certified question.
In question two, the Eleventh Circuit Court of Appeals asked if statutory requirements for a lien were not met under the Alabama Bail Reform Act, then did the recordation of the affidavit in the Baldwin County Probate Court nevertheless create an equitable mortgage in favor of New York. A familiar principle in equity is *1011 that where it is clearly shown that the parties to a transaction intended to give a security for a debt or obligation upon real property, but for some reason there is a failure to carry out such intention in the contract, a court, in an appropriate proceeding, will declare an equitable mortgage or hen to exist and will enforce the same to satisfy the debt or obligation. Edwards v. Scruggs, 155 Ala. 568, 46 So. 850 (1908). “[W]hen a mortgage is invalid due to a technical defect, equity will give effect to the intent of the parties according to the substance of the transaction.” Central Bank of the South v. Dinsmore, 475 So.2d 842, 846 (Ala.1985).
The elements of an equitable mortgage are:
“[T]he mortgagor [must] have a mortgageable interest in the property sought to be charged as security; that there be clear proof of the sum which it was to secure; that there be a definite debt, obligation or liability to be secured, due from the mortgagor to the mortgagee; and the intent of the parties to create a mortgage, hen or charge on the property [must be] sufficiently described or identified to secure an obligation.”
Murphy v. Carrigan, 270 Ala. 87, 91, 116 So.2d 568, 571 (1959).
We declined to answer the question whether New York had created a legal mortgage under the Alabama Bail Reform Act, and we must now decline to answer whether an equitable mortgage has been created. Although the Alabama Bail Reform Act does not apply to the affidavit filed by New York in the Baldwin County Probate Court, other recording statutes in Alabama may be applicable to the question whether the affidavit created an enforceable hen that has precedence over subsequent hens. Equity will not he when there is an adequate remedy at law. McMillan, Ltd. v. Warrior Drilling & Eng’g Co., 512 So.2d 14 (Ala.1986). The parties have not presented any argument in their briefs as to whether the affidavit filed by New York is an otherwise valid hen under any provision of Alabama real-property law other than the Alabama Bail Reform Act, and, consequently, whether equitable relief would be available should there be a technical defect in the creation of such an alternate hen that prevented enforcement when it is clearly shown that the parties to the transaction intended to give security for a debt or obligation upon real property, but for some reason there was a failure to carry out their intention in the contract. Accordingly, we dechne to answer the question whether an equitable mortgage has been created.
The third and final question certified by the federal appeals court—“If New York does not take precedence pursuant to the resolution of either of the two preceding questions, can it nevertheless take precedence because Union Planters’ agent had actual knowledge of the affidavit?”— would not be determinative of whether an enforceable hen had been created by New York’s recording of the affidavit in light of our reasons for declining to answer the previous questions. Accordingly, we de-chne to answer question three.
QUESTIONS DECLINED.
COBB, C.J., and SEE, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
LYONS, J., concurs in part and concurs in the result.[1]

'' 1 On February 26, 2002, a mortgage in the amount of $95,000 was recorded from Khodir to Beggs & Lane, LLP. However, it has been subordinated to New York’s claim and so was not at issue below or on appeal. Also not at issue in this case is the $154,000 amount of Union Planters’ original mortgage, which was refinanced in connection with its subsequent mortgage. The parties agree that Union Planters’ $154,000 amount has the first, priority; they contest only the balance of Union Planters’ mortgage which.was advanced after the recording of New York’s bail bond.”