MOORE, Judge.
Etta Lowery appeals from a judgment on the pleadings entered in favor of Wells Fargo Home Mortgage, a subsidiary of Wells Fargo Bank, N.A. (“Wells Fargo”), by the Shelby Circuit Court (“the trial court”) on June 10, 2014. We reverse and remand.

Procedural History

On March 10, 2014, Lowery filed a complaint against Wells Fargo alleging, among other things, that she had taken out a loan with Wells Fargo that was secured by a mortgage on certain real property owned by Lowery, that certain pages of her mortgage-loan documents had been notarized by a person with whom Lowery had never had contact, that those documents were therefore “unlawful, unconstitutional and void,” that Wells Fargo had concealed from her the fact that the documents had been improperly notarized, and that Wells Fargo had failed to appropriately respond to her inquiries regarding the mortgage.[1] She attached copies of the pages of the *1185 mortgage that she claimed were improperly' notarized. Lowery sought damages and equitable relief.
After filing an answer, Wells Fargo filed a motion for a judgment on the pleadings characterizing Lowery’s complaint as stating a claim for “notary liability” and arguing that the claim was barred by the applicable statute of limitations. Wells Fargo also argued that Lowery had failed to offer to pay the remainder of the loan balance secured by the mortgage, thereby forfeiting any right to equitable relief pursuant to the clean-hands doctrine. Wells Fargo attached to its motion a copy of the mortgage, pleadings and orders from a previous civil action that Lowery had brought against Wells Fargo, and correspondence between Lowery and Wells Fargo. Lowery filed a response to Wells Fargo’s motion, and Wells Fargo filed a reply to that response. Lowery also filed a motion to strike the exhibits Wells Fargo had attached to its motion as well as any statements or assertions it had made based on those exhibits.
After a hearing, the trial court entered a judgment on the pleadings in favor of Wells Fargo on June 10, 2014, and dismissed, with prejudice, “[a]ll claims asserted by [Lowery], or which could have been asserted by [Lowery], against [Wells Fargo] in this action.” Lowery’s motion to strike was denied as moot. On June 25, 2014, Lowery filed a postjudgment motion; that motion was denied on August 15, 2014. On September 15, 2014, Lowery filed her notice of appeal to the Alabama Supreme Court; that court subsequently transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.

Discussion

On appeal, Lowery first argues that her complaint was sufficient to establish a claim that her mortgage was void because, she says, her mortgage-loan documents were not executed in compliance with §§ 35-4-20 and 35-4-24, Ala.Code 1975.[2] We agree. A mortgage is a conveyance for the alienation of land, which is void under § 35-4-20 if it is not executed and witnessed according to that statute. See Thomas v. Davis, 241 Ala. 271, 2 So.2d 616 (1941). Section 35-4-24 authorizes a notary public to acknowledge the execution of an instrument of conveyance, but the acknowledgment is effective only if the person signing the instrument of conveyance appeared before the notary and acknowledged that he or she signed the instrument. See First Bank of Childersburg v. Florey, 676 So.2d 324, 332-33 (Ala.Civ.App.1996).
In this case, Lowery claimed in her complaint that she had never met the notary who notarized her signature on the *1186 mortgage-loan documents and that she had never acknowledged before that notary that she had executed the documents. If those allegations are true, the mortgage would be void under § 35-4-20 because no witness attested the execution of the mortgage-loan documents by Lowery.
In its motion for a judgment on the pleadings, Wells Fargo did not specifically address the viability of Lowery’s claim under § 35-4-20. Wells Fargo instead argued that the trial court should consider the claim solely as one of “notary liability,” which, it asserted, was barred by the applicable statute of limitations. Lowery denied that she had made any such claim, and she argued that her claim arose solely under §§ 35-4-20 and 35-4-24. Wells Fargo did not assert that a claim under those statutes would be barred by any statute of limitations; instead, it argued that the unclean-hands doctrine barred Lowery from obtaining any of the equitable relief that she was seeking because of the alleged violation of §§ 35-4-20 and 354 4-24. In support of that argument, Wells Fargo asserted in its motion that Lowery had failed to tender the remaining balance of the loan secured by the mortgage. Assuming, without deciding, that any equitable claim for relief would be barred by nonpayment of the loan,[3] we conclude that the trial court erred in considering that affirmative defense when ruling on the motion.
Neither the complaint nor the answer contains any explicit or implied reference to the alleged failure of Lowery to tender the remaining balance of the loan. When ruling on a motion for a judgment on the pleadings, a trial court may consider factual matters extraneous to the pleadings only by converting the motion to one for a summary judgment and providing all parties a reasonable opportunity to present all material pertinent to the motion for a summary judgment. See Rule 12(c), Ala. R. Civ. P. In this case, Lowery specifically objected to the consideration by the trial of any factual matters outside the pleadings and moved to strike those matters. In its judgment, the trial court denied the motion to strike as moot and specifically stated that it had considered not just the content of the pleadings, but also the arguments of counsel asserted in support of the motion for a judgment on the pleadings, which, of course, included the unsupported factual assertion that Lowery had failed or refused to tender payment of the loan. See Sims v. Lewis, 374 So.2d 298, 302 (Ala.1979) (“In some instances, briefs and oral arguments of counsel, when submitted to and considered by a trial court in ruling upon a Rule 12(b)(6)[, Ala. R. Civ. P.,] motion, have been held sufficient in themselves to be ‘matters outside the pleadings,’ which would convert a [Rule] 12(b)(6) motion into one for summary judgment.”). The wording of the judgment fairly shows that the trial court considered the factual matters asserted by Wells Fargo without notifying Lowery of its intention to treat the motion as one for a summary judgment and without giving Lowery an opportunity to respond in kind, which resulted in prejudicial error to Lowery. See Poston v. Smith, 666 So.2d 833 (Ala.Civ.App.1995).
Wells Fargo further argued that it was entitled to a judgment on the pleadings on the ground that, even if the mortgage is void, it is entitled to an equitable mortgage on the property at issue and to foreclose on that mortgage. See Union Planters Bank, N.A. v. People of State of New York, *1187 988 So.2d 1007, 1010-11 (Ala.2008). Again, assuming, without deciding, that a trial court could, in an appropriate proceeding, declare an equitable mortgage or lien on the property at issue in favor of Wells Fargo, it remains that the trial court in this case could not consider that Lowery has defaulted on the loan secured by that mortgage without violating Rule 12(c) and that it could not determine, as a matter of law, that Wells Fargo was entitled to foreclose on any alleged equitable mortgage that had not been adjudicated to exist.
In her complaint, Lowery further asserted that Wells Fargo had fraudulently concealed the allegedly improper notarization of the mortgage-loan documents from Lowery. In its motion for a judgment on the pleadings, Wells Fargo did not argue that Lowery had failed to state a viable fraud claim,[4] but, rather, it asserted that Lowery’s claim was barred by Ala. Code 1975, § 6-2-88(1), which provides a two-year statute of limitations for fraud actions. Section 6-2-3, Ala.Code 1975, provides that a cause of action alleging fraud accrues when the fraud is discovered. In her complaint, Lowery specifically averred that she had discovered the improper notarization in August 2013. Wells Fargo disputed that assertion, arguing that it had provided the mortgage-loan documents containing the alleged improper notarizations to Lowery much earlier than 2013 and that Lowery should have discovered its alleged fraud well beyond two years before she filed her complaint. Again, Wells Fargo depended on the exhibits it attached to its motion for a judgment on the pleadings to prove the facts supporting its argument, which exhibits the trial court could not have properly considered without first properly converting the motion to one for a summary judgment.

Conclusion

Based on the foregoing, we reverse the trial court’s judgment on the pleadings with regard to Lowery’s claim arising under §§ 35-4-20 and 35-4-24 and her fraudulent-concealment claim, and we remand the cause for further proceedings.[5]
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and DONALDSON, JJ., concur.
THOMAS, J., concurs in the result, without writing.

. Lowery alleged that, in 2013, she had corresponded with Wells Fargo in an attempt to gather information about the alleged improper notarization and other matters relating to the mortgage and that Wells Fargo had failed or refused to provide the requested information. Lowery asserted that Wells Fargo had committed unlawful, unfair, and fraudulent business practices as part of an ongoing pattern of misconduct in its dealings with her. However, Lowery does not make any argument on appeal as to those claims, so we do not address them. See Robinson v. Sovran Acquisition Ltd. P'ship, 70 So.3d 390, 397-98 (Ala.Civ.App.2011) (appellant waives any issue not properly raised and argued in appellate brief).

. Alabama Code 1975, § 35-4-20, provides:
"Conveyances for the alienation of lands must be written or printed, or partly written and partly printed, on parchment or paper, and must be signed at their foot by the contracting party or his agent having a . written authority; or, if he is not able to sign his name, then his name must be written for him, with the words ‘his mark' written against the same, or over it; the execution of such conveyance must be attested by one witness or, where the party cannot write, by two witnesses who are able to write and who must write their names as witnesses; or, if he can write his name but does not do so and his name is written for him by another, then the execution must be attested by two witnesses who can and do write their names."
Alabama Code 1975, § 35-4-24, provides:
"Acknowledgments and proofs of conveyances may be taken by the following officers within this state: Judges of the Supreme Court, the Court of Civil Appeals, the Court of Criminal Appeals, circuit courts and district courts, and the clerks of such courts; registers of the circuit court, judges of the court of probate, and notaries public."

. Wells Fargo did not argue that Lowery's legal claim for damages would be barred by the unclean-hands doctrine.

. On appeal, Wells Fargo argues that Lowery did not specifically plead her fraud claim as required by Rule 9(h), Ala. R. Civ. P. We reject that argument because, in her complaint, Lowery sufficiently notified Wells Fargo of the facts underlying her fraudulent-concealment claim.

. Our resolution of those issues obviates the need to address any and all other issues raised by Lowery in her appellate brief.